UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
MEDPACE, INC.,                                                       :
                                                                     :
                            Plaintiff,                               :
                                                                     :
              -v-                                                    :   25-CV-4179 (JMF)
                                                                     :
AGENUS INC. et al.,                                                  :   ORDER
                                                                     :
                            Defendants.                              :
                                                                     :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Medpace, Inc. brings this action against Defendants Agenus Inc. and Equiniti Trust Company, LLC ("Equiniti"), invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship.  *See* 28 U.S.C. § 1332.  Plaintiff adequately alleges that it is a citizen of Ohio, *see* ECF No. 1 ("Complaint") ¶ 1, and that Defendant Agenus Inc. is a citizen of Delaware and Massachusetts, *see id.* ¶ 2.  However, Plaintiff's bare allegation that Defendant Equiniti "is upon information and belief a New York limited liability company with Delaware and/or New York member(s)," *id.* ¶ 3, falls short.

      It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens.  *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000).  Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs).  *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010).  Additionally, a party's citizenship, including the citizenship of each LLC member, "must be affirmatively pled." *Prospect Funding Holdings, LLC v. Fennell*, No. 15-CV-4176 (LLS), 2015 WL 4477120, at *1 (S.D.N.Y. July 15, 2015); *see also Patrick Cap. Markets, LLC v. Ascend Real Est. Partners, L.P.*, No. 21-cv-6004 (AKH), 2022 WL 294638, at *5 (S.D.N.Y. Feb. 1, 2022) ("It is not enough to allege, in conclusory fashion, that . . . all of the LLC's members are citizens of a certain state.").  In the present case, the Complaint fails to affirmatively plead the citizenship of each member of Defendant Equiniti.

      Accordingly, it is hereby ORDERED that, on or before **May 28, 2025**, Plaintiff shall amend its Complaint to affirmatively allege the citizenship of each constituent person or entity comprising the Defendant Equiniti as well as the citizenship of all individual parties.  If, by that date, the Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without

further notice to either party.

    SO ORDERED.

Dated: May 21, 2025
       New York, New York

                                JESSE M. FURMAN
                            United States District Judge