UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                 :

MEDPACE, INC.,                       :

                  Plaintiff,        :             25-CV-4179 (JMF)

-v-                    :        MEMORANDUM OPINION
                                 :             AND ORDER
AGENUS INC. et al.,            :

                 Defendants.    :

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Medpace, Inc. ("Medpace") sues Defendants Agenus, Inc. ("Agenus") and Garo

H. Armen for breach of contract and breach of fiduciary duty. *See* ECF No. 45. On August 21,

2025, the Court entered an agreed-upon Case Management Plan setting discovery deadlines,

including a November 21, 2025 deadline for the completion of fact discovery. *See* ECF No. 44

("CMP"). On October 21, 2025, however, Medpace filed a letter-motion seeking an informal

conference to address Defendants' "wholesale noncompliance" with their discovery obligations.

ECF No. 55, at 1. Citing Rule 37 of the Federal Rules of Civil Procedure, Medpace argued that

Defendants' discovery failures warranted sanctions, including entry of default judgment. *See id.*

at 2-3. When Defendants failed to respond within three business days, as required by the Case

Management Plan, *see* CMP ¶ 11, and the Court's Individual Rules and Practices, the Court

granted Medpace leave to file a formal motion for sanctions and set a deadline for any opposition

to such a motion, *see* ECF No. 56. Medpace filed a timely motion, *see* ECF No. 57, which asks

the Court to either "strike Defendants' pleadings and enter default judgment," ECF No. 58

("Pl.'s Mem."), at 1, or grant a variety of lesser sanctions (that, taken together, would likely

result in judgment for Medpace anyway), *see id.* at 2. Defendants did not file any opposition.

Pursuant to Rule 37, a district court may impose sanctions on a party for disobeying discovery orders. *See* Fed. R. Civ. P. 37(b)(2)(A). Possible sanctions include "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party," *id.*, which, although "drastic," *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986), may be "warranted . . . where a party disobeys a court's discovery orders willfully, in bad faith, or through fault," *Manta Indus. Ltd. v. Anand*, No. 16-CV-8308 (LAP), 2024 WL 4872260, at *3 (S.D.N.Y. Nov. 22, 2024) (citing *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010); and then *John B. Hull, Inc. v. Waterbury Petrol. Prod., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)). In deciding whether to award these sanctions, courts in this Circuit consider four non-exhaustive factors: (1) "the reason for noncompliance" or "the willfulness of the non-compliant party"; (2) "the efficacy of lesser sanctions"; (3) "the duration of the period of noncompliance"; and (4) whether the noncompliant party was warned of the potential consequences. *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (internal quotation marks omitted); *see also S. New Eng. Tel. Co.*, 624 F.3d at 144.

Considering the relevant factors here, the Court concludes that case-dispositive sanctions are appropriate, substantially for the reasons set forth in Medpace's memorandum of law. *See* Pl.'s Mem. 9-13. Simply put, "the record reflects a pattern of noncompliance that is complete, sustained and deliberate." *Id.* at 10. Defendants' "wholesale refusal to provide discovery or otherwise litigate the matter" — including, most recently, their failure to respond to either Medpace's letter-motion raising the prospect of case-dispositive sanctions and Medpace's motion actually seeking them — "demonstrates that [they have] 'willfully opted not to continue to defend this action, which warrants the sanction of default.'" *Montblanc-Simplo GmbH v. Colibri Corp.*, 692 F. Supp. 2d 245, 252 (E.D.N.Y. 2010) (quoting *Microsoft Corp. v. Comput.*

*Care Ctr., Inc.,* No. 06-CV-1429 (SLT) (RLM), 2008 WL 4179653, at *5 (E.D.N.Y. Sept. 10, 2008)).  Accordingly, Medpace's motion is GRANTED, Defendants' Answers are stricken (though the Clerk of Court should leave them on the docket as part of the record), and Medpace is granted default judgment.  No later than **December 10, 2025**, Medpace shall file a proposed judgment consistent with this Memorandum Opinion and Order.

The Clerk of Court is directed to terminate ECF No. 57.


SO ORDERED.

Dated: December 4, 2025
       New York, New York

_____
JESSE M. FURMAN
United States District Judge