**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **MEDPACE, INC.,** | **:** | **CASE NO. 1:25-cv-04179-JMF** |
| | **:** | |
| **PLAINTIFF,** | **:** | |
| | **:** | ~~**PROPOSED**~~ **JUDGMENT** |
| **VS.** | **:** | |
| | **:** | |
| **AGENUS INC. and GARO H. ARMEN,** | **:** | |
| | **:** | |
| **DEFENDANTS.** | **:** | |
| | **:** | |

WHEREAS, on May 19, 2025, Plaintiff Medpace, Inc. ("Medpace" or "Plaintiff") commenced this action by filing of the Complaint against Defendant Agenus Inc. ("Agenus");

WHEREAS, Medpace subsequently filed two amendments to its original complaint to supplement its jurisdictional allegations, the Summons and Second Amended Complaint having been served on Agenus on June ~~1~~9, 2025;

WHEREAS, on August 27, 2025, Medpace filed the Third Amended Complaint, which largely restated its claims against Agenus and added additional claims against Defendant Garo H. Armen ("Armen," and together with Agenus, "Defendants"), the Summons and Third Amended Complaint having been served on Armen on September 4, 2025;

WHEREAS, on November 7, 2025, Medpace filed a Motion for Sanctions (ECF 57);

WHEREAS, on December 4, 2025, the Court issued an order finding that Defendants have willfully failed to comply with discovery and granting Medpace's Motion for Sanctions, including striking the Defendants' answers and entering a default judgment in favor of Plaintiff (ECF 60);

For the reasons set forth in the Court's Order of December 4, 2025, the Court, having considered Plaintiff's Memorandum of Law in Support of its Motion for Sanctions (ECF 58); the

1

Declaration of Ned G. Babbitt in Support of Medpace's Motion for Sanctions (ECF 59); the Declaration of Edward G. Babbitt in Support of Plaintiff's Proposed Judgment (ECF 62-1); the Declaration of Brian Levin in Support of Plaintiff's Proposed Judgment (ECF 62-2); and all other pleadings and papers on file in this action, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff shall have judgment against Defendants entered as follows:**

1.      As to Count I for Breach of Contract against Agenus with respect to the claim that Agenus materially breached the Master Services Agreement ("MSA") through its failure to pay Medpace the amounts due and owing under the MSA, judgment is entered against Agenus and in favor of Medpace.

2.      As to Count II for Breach of Contract against Agenus with respect to the claim that Agenus materially breached the Payment Agreement dated January 10, 2025 through its wrongful attempts to interfere with and abrogate Medpace's lawful rights to access 1,318,084 publicly-traded common shares of Agenus (the "Shares") and through its failure to file a supplemental prospectus for the Shares (the "Prospectus Supplement"), judgment is entered against Agenus and in favor of Medpace.

3.      As to Count III for Breach of Contract against Agenus with respect to the claim that Agenus materially breached the Escrow Agreement dated January 10, 2025 by improperly objecting to the transfer of the Shares after they were already transferred to Medpace's account, judgment is entered against Agenus and in favor of Medpace.

4.      As to Count IV for Breach of Fiduciary Duty against Armen with respect to the claim that Armen breached his fiduciary duties owed to Medpace by, in bad faith, causing Agenus to assert (and refuse to withdraw) a baseless objection to the transfer of the Shares under the Payment Agreement and the refusal to file the Prospectus Supplement as required by the

Payment Agreement with the intent of preventing Medpace from realizing the value of its Shares in Agenus to cover the amounts owed by Agenus under the MSA, judgment is entered against Armen and in favor of Medpace.

5.      Judgment in the amount of $7,526,550.80 is entered in favor of Medpace against Agenus in the amount comprising:

a.  Unpaid invoices for the Services, Pass-through Costs, and Pre-funded Expenses, in addition to all other amounts that are now due and hereafter may become due under the MSA, in the amount of $7,393,539.78, inclusive of contractual interest through December 10, 2025, which continues to accrue.

b.  Medpace's contractual attorneys' fees, costs and disbursements incurred in connection with bringing this action and enforcing its rights, as provided in Section 10.8 of the MSA, in the amount of $130,915.00 in attorneys' fees and $2,096.02 $2,096.02 in costs, which amounts continue to accrue.

c.  Post-judgment interest on the amounts in **paragraph (5)(a)-(b)** from the date it is entered until the date it is fully satisfied at the contractual rate of 18% per annum.

6.  Judgment in the amount of $7,393,539.78 is entered in favor of Medpace against Armen in the amount comprising:

a.  Damages in the amount of $7,393,539.78 arising from Armen's Breach of Fiduciary Duty.

      b.   Post-judgment interest on the amounts in **paragraph (5)(a)** from the date it is entered until the date it is fully satisfied at the statutory rate of 3.59% per annum, or as otherwise required by 28 U.S.C. § 1961.

7.      Judgment granting mandatory injunctive relief is entered against Defendants and in favor of Medpace. Within 7 days of the date of this final judgment, Defendants shall file or cause to be filed the Prospectus Supplement and take all action necessary to effectuate the removal of any "legal hold" or other impediment to Medpace's full ownership and control of the Shares.

8.      As to Count V for Declaratory Judgment, judgment is entered against Defendants and in favor of Medpace with respect to the following issues:

      a.   Medpace is entitled to immediate and exclusive possession, custody, and control of the Shares;

      b.   Agenus and Armen are required to take all actions necessary to complete the unrestricted transfer of the Shares to Medpace forthwith, including but not limited to filing the Prospectus Supplement and the removal of any "legal hold" or other impediment to Medpace's full ownership and control of the Shares; and

      c.   any further interference by Agenus or Armen with Medpace's right and entitlement to the Shares is unlawful and in violation of Medpace's contractual and property rights.

9.      The Court shall retain jurisdiction with respect to all pending matters, including for purposes of enforcing this judgment and any further proceedings the court may deem necessary with respect to the determination of damages, reasonable attorneys' fees and costs.

4

10.    The Clerk of the Court is hereby directed to enter Final Judgment and ~~shall forward copies hereof to all counsel of record.~~ close the case.


~~Dated:    New~~ York, New York
            December 11, 2025

_____
HON. JESSE M. FURMAN, U.S.D.J.

~~This document was entered on the docket on~~
~~_____~~.

5